IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOYCE P. DICKENS<br>3130 Alabama Avenue, S.E.<br>Washington, D.C. 20020<br><br>      Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br><u>Serve</u>:<br>William P. Barr<br>Attorney General of the United States of America<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, N.W.<br>Washington, DC 20530-0001<br><br>And<br><br><u>Serve</u>:<br>Timothy J. Shea<br>United States Attorney<br>for the District of Columbia<br>United States Attorney's Office<br>555 4th Street, NW<br>Washington, D.C. 20530<br><br>      Defendant. | Case No.: 1:20-cv-629 |

## COMPLAINT AND ADVISORY JURY REQUEST

Plaintiff Joyce P. Dickens, by and through Timothy F. Maloney, Esquire, Matthew M. Bryant, Esquire, and the Law Firm of Joseph, Greenwald and Laake and Ellis J. Koch, Esquire, sue the United States of America pursuant to the Federal Tort Claims Act 28 U.S.C. 2675, et seq. (FTCA) alleging as cause:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. 1346(b).

2. Venue is proper in this Court because all events complained of occurred in the District of Columbia.

## COMPLIANCE WITH THE FEDERAL TORT CLAIMS ACT

3. Plaintiff has complied with the notice requirements under the Federal Tort Claims Act. On or about November 26, 2018, Plaintiff provided notice of her claim to the United States Department of the Interior by submitting a Claim for Damage, Injury or Death (Form SF95) pursuant to 28 U.S.C. § 2675(a).

4. On November 29, 2018, Defendant acknowledged receipt of Plaintiff's SF 96 on behalf Plaintiff. *See* (Ex. 1, Acknowledgement of Receipt).

5. To date, Defendant has neither denied Plaintiff's claim nor otherwise resolved it.

6. This lawsuit is timely filed.

## PARTIES

7. Plaintiff was at the time of the events complained of a 58-year old, African-American woman. At all times relevant to the events complained of herein, she was an adult resident of the District of Columbia. At the time of the events complained of, Plaintiff resided at 126 Ingraham Street, N.W., Washington, D.C. 20011, which location was the situs of all events set forth below.

8. The United States of America is the proper Defendant under the FTCA.

## STATEMENT OF FACTS

9. Plaintiff was asleep in her bedroom in her home at 126 Ingraham Street, N.W. in Washington D.C., on or about March 8, 2017. At approximately 6:00 a.m., she was awakened by a loud, crashing noise.

10. Plaintiff was in her nightgown and got up to investigate. She began to descend the steps when she realized that the loud, crashing noise had been her front door being battered down.

11. She descended the stairs to a level near the bottom. Several officers of the U.S. Park Police (hereinafter "Police") had burst in. Plaintiff subsequently learned that they were executing a search warrant. They told her to freeze and put her hands on her head. She immediately complied with the officers' instructions placing her hands on her head. She made no sudden or threatening moves. Plaintiff was in her nightgown, unarmed and there was no appearance of a weapon. An officer approached her with an assault rifle. The officer pushed the assault rifle into her chest; she was so terrified that she soiled herself.

12. At that point, the Plaintiff was standing near the bottom of the steps with her hands on her head, fully compliant with the Police instruction and offering no resistance, when the officer grabbed the Plaintiff by the back of her head and neck and dragged her down the remaining steps and threw her down onto the floor. She landed headfirst. The officer put his foot on her neck. A second officer then put his foot on her lower back. At that point, two other officers began kicking her.

13. The Plaintiff was terrified and in fear for her life.

14. The Plaintiff said she was a woman and asked why they were doing this. Plaintiff was then handcuffed behind her back. She was lifted upright by the handcuffs. At this point, she was under the custody and control of the Police.

15. Once Plaintiff was under the custody and control of the Police, they had a duty of care towards Plaintiff.

16. The attacking officers then gave the other officers the all clear and a search was then made of the house.

17. The Plaintiff, who suffers from respiratory problems, was unable to breath and begged for medical assistance. The request was directed to all of the officers. The officers were asked to get her portable oxygen equipment because she was unable to breathe. The medical assistance was not provided as requested. Finally, after an unreasonably delay and still continuing to gasp for breath, another officer went to get her portable oxygen unit to help relieve her respiratory distress.

18. All the officers involved were white. The Plaintiff is African-American.

19. As a direct consequence of the actions of the Police with respect to the Plaintiff, she has suffered head, neck, upper back and lower back injuries resulting in pain and suffering which are ongoing. She suffers from anxiety and recurrent headaches. She suffered a concussion from the violent attack on her person and suffers from post-concussion syndrome. There was no history of headaches prior to the concussion.

20. As a consequence of the action taken by the Police, Plaintiff has incurred medical expenses.

21. As a consequence of the action taken by the Police intending to cause fear and emotional distress, Plaintiff has suffered indignity, embarrassment, insult, humiliation and extreme mental and post-traumatic emotional distress all of which reoccur whenever Plaintiff thinks of the incident such that the mental and emotional distress is ongoing.

22. As a consequence of the action taken by the Police with reckless disregard as to whether the actions taken would cause fear and emotional distress, Plaintiff has suffered indignity, embarrassment, insult, humiliation and extreme mental and post-traumatic emotional

distress all of which reoccur whenever Plaintiff thinks of the incident such that the mental and emotional distress is ongoing.

23. All of Plaintiff's injuries, pain, suffering and damages, both physical and emotional – past, present and prospective – were caused solely by the actions of the Police without any provocation by Plaintiff.

24. The Plaintiff was not charged with any crime or at any time placed under arrest.

25. At all times relevant hereto, the Police were federal law enforcement officers acting within the scope of their duties and employment.

## COUNT I
## (Assault)

26. Plaintiff adopts and incorporates by reference the allegations contained in all of the paragraphs of this Complaint as though set forth fully herein.

27. Plaintiff was in apprehension of physical harm when, after complying with the direction of "freeze," law enforcement officers pointed a loaded assault rifle at her and aggressively approached in manner that placed her in fear of imminent offensive bodily contact.

28. The Police officers had the present ability to carry out the offensive and physical contact to harm her.

29. As a direct and proximate result of the Defendant's actions, Plaintiff suffered and continues to suffer injuries set forth above.

WHEREFORE, Plaintiff demands judgment against the United States of America for $1,000,000.00 plus interest, costs, and any other relief to be ordered by the Court.

## COUNT II
## (Negligence – Failure to Provide Medical Care While in Custody and Control of Police)

30. Plaintiff adopts and incorporates by reference the allegations contained in all of the paragraphs of this Complaint as though set forth fully herein.

31. The Police officers once Plaintiff was in their custody and control, incurred a duty of care towards her.

32. Such duty of care included the duty to provide reasonable medical assistance to Plaintiff upon her request and readily apparent need.

33. The Police officers breached that duty of care by failing to promptly provide the oxygen equipment as requested by Plaintiff to alleviate her breathing distress.

34. The failure to so provide the oxygen equipment was the proximate cause of the additional terror and emotional distress suffered by Plaintiff.

WHEREFORE, Plaintiff demands judgment against the United States of America for $1,000,000.00 plus interest, costs, and any other relief to be ordered by the Court.

## COUNT III
### (Negligent Infliction of Emotional Distress)

35. Plaintiff adopts and incorporates by reference the allegations contained in all of the paragraphs of this Complaint as though set forth fully herein.

36. The Police officers having exercised custody and control over Plaintiff undertook an obligation to the Plaintiff not to impair her emotional well-being by negligently inflicting emotional distress.

37. By negligently approaching Plaintiff with an assault rifle after Plaintiff was fully compliant with instructions, the Police officers breached the duty not to impair her emotional well-being.

38. The actions of the Police officers were the proximate cause of her emotional trauma.

WHEREFORE, Plaintiff demands judgment against the United States of America for $1,000,000.00 plus interest, costs, and any other relief to be ordered by the Court.

## COUNT IV
### (Battery – Use of Assault Rifle and Physical Battery)

39. Plaintiff adopts and incorporates by reference the allegations contained in all of the paragraphs of this Complaint as though set forth fully herein.

40. The Police officers deliberately, unlawfully and intentionally touched Plaintiff in an offensive manner by thrusting an assault rifle into her chest, grabbing her by the head and neck, dragging her down the steps and throwing her to the ground.

41. Plaintiff did not consent to this physical contact.

42. As a direct and proximate result of the Defendant's actions, Plaintiff suffered and continues to suffer injuries set forth above.

43. At all times relevant to this Complaint, the officers were acting within the scope of their duties and responsibilities as U.S. Park Police officers.

WHEREFORE, Plaintiff demands judgment against the United States of America for $1,000,000.00 plus interest, costs, and any other relief to be ordered by the Court.

## COUNT V
### (Battery – Handcuffing Plaintiff)

44. Plaintiff adopts and incorporates by reference the allegations contained in all of the paragraphs of this Complaint as though set forth fully herein.

45. The Police officers unlawfully and intentionally touched Plaintiff in an offensive manner by handcuffing her arms behind her back and then jerking her to an upright position using the handcuffs to get the Plaintiff into the upright position.

46. Plaintiff did not consent to this physical contact.

47. As a direct and proximate result of the Defendant's actions, Plaintiff suffered and continues to suffer injuries set forth above.

48.     At all times relevant to this Complaint, the officers were acting within the scope of their duties and responsibilities as U.S. Park Police officers.

WHEREFORE, Plaintiff demands judgment against the United States of America for $1,000,000.00 plus interest, costs, and any other relief to be ordered by the Court.

### COUNT VI
### (Battery - Excessive Force)

49.     Plaintiff adopts and incorporates by reference the allegations contained in all of the paragraphs of this Complaint as though set forth fully herein.

50.     The Police officers unlawfully and intentionally touched Plaintiff utilizing excessive force by thrusting an assault rifle into her chest, grabbing her by the head and neck, dragging her down the steps and throwing her to the ground.

51.     Plaintiff did not consent to this physical contact.

52.     As a direct and proximate result of the Defendant's actions, Plaintiff suffered and continues to suffer injuries.

53.     At all times relevant to this Complaint, the officers were acting within the scope of their duties and responsibilities as U.S. Park Police officers.

WHEREFORE, Plaintiff demands judgment against the United States of America for $1,000,000.00 plus interest, costs, and any other relief to be ordered by the Court.

### COUNT VII
### (Battery – Excessive Force)

54.     Plaintiff adopts and incorporates by reference the allegations contained in all of the paragraphs of this Complaint as though set forth fully herein.

55.     The Police officers unlawfully and intentionally touched Plaintiff utilizing excessive force by handcuffing her arms behind her back and then jerking her to an upright position using the handcuffs to get the Plaintiff into the upright position.

56.     Plaintiff did not consent to this physical contact.

57.     As a direct and proximate result of the Defendant's actions, Plaintiff suffered and continues to suffer injuries.

58.     At all times relevant to this Complaint, the officers were acting within the scope of their duties and responsibilities as U.S. Park Police officers.

WHEREFORE, Plaintiff demands judgment against the United States of America for $1,000,000.00 plus interest, costs, and any other relief to be ordered by the Court.

## COUNT VIII
### (Intentional Infliction of Emotional Distress)

59.     Plaintiff adopts and incorporates by reference the allegations contained in all of the paragraphs of this Complaint as though set forth fully herein.

60.     The Police officers having exercised custody and control over Plaintiff undertook an obligation to the Plaintiff not to intentionally impair her emotional well-being.

61.     By intentionally approaching Plaintiff with an assault rifle after Plaintiff was fully compliant with instructions, the Police officers breached the duty not to impair her emotional well-being.

62.     By intentionally handcuffing Plaintiff's arms behind her back and then jerking her into an upright position using the handcuffs after Plaintiff was fully compliant with the instructions, the Police intentionally breached the duty not to impair her emotional well-being.

63.     By intentionally grabbing Plaintiff by the back of the head and neck, dragging her down the steps and throwing her on the floor after Plaintiff was fully compliant with the instructions, the Police intentionally breached the duty not to impair her emotional well-being.

64. The recited conduct of the Police was so outrageous in character and so extreme in degree as to go beyond all bounds of decency and those actions are both atrocious and utterly intolerable in a civilized community.

65. The actions of the Police officers were the cause of her emotional trauma.

WHEREFORE, Plaintiff demands judgment against the United States of America for $1,000,000.00 plus interest, costs, and any other relief to be ordered by the Court.

## ADVISORY JURY REQUEST

Under Rule 39(c) of the Federal Rules of Civil Procedure, Plaintiff prays that an advisory jury be impaneled to try all matters that would otherwise be within the province of a jury.

/s/
Matthew M. Bryant

Respectfully submitted,

By:       /s/
Timothy F. Maloney, Bar ID.: 416522
Matthew M. Bryant, Bar ID: MD18014
JOSEPH, GREENWALD & LAAKE, P.A.
6404 Ivy Lane, Suite 400
Greenbelt, Maryland 20770
301/220-2200 (tel.)
301/220-1214 (fax)
tmaloney@jgllaw.com
mbryant@jgllaw.com

Ellis J. Koch, Esq.
Federal Bar No. I.D. No. MD05356
5904 Hubbard Drive
Rockville, MD  20852
301-231-9480
Kochlaw@msn.com